# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 26-1304

**Case Name** State of Nevada v. KalshiEX, LLC

**Counsel submitting this form** Neal Kumar Katyal

**Represented party/parties** KalshiEX LLC

*Briefly describe the dispute that gave rise to this lawsuit.*

This lawsuit arises from Nevada regulators' effort to use Nevada gaming laws to ban event contracts offered by KalshiEX LLC ("Kalshi"), a CFTC-licensed and regulated exchange, known as a designated contract market ("DCM"). The Commodity Exchange Act ("CEA") grants the CFTC "exclusive jurisdiction" to regulate trading on DCMs, including "transactions involving swaps" and "future[s] contracts." 7 U.S.C. § 2(a)(1)(A). Kalshi is a DCM which offers event contracts subject to the CFTC's exclusive jurisdiction.

The Nevada Gaming Control Board sent a cease-and-desist letter to Kalshi in March 2025, asserting that Kalshi's event contracts on political and sporting events are prohibited by Nevada law and demanding that Kalshi cease offering them in Nevada. Facing enforcement, Kalshi sued Plaintiff in the District of Nevada on the basis that the CEA preempts application of Nevada's gaming laws to Kalshi. Kalshi sought a preliminary injunction ("PI"), which the district court granted in April 2025. Plaintiff did not appeal but later moved to dissolve the PI in October 2025. The district court dissolved the PI in November 2025. Kalshi appealed and moved for a stay pending appeal in this Court. The Court referred the motion to the merits panel, which has yet to rule on the motion.

On February 17, 2026, Plaintiff brought an enforcement action against Kalshi in Nevada state court, seeking to ban all of Kalshi's event contracts, not just its political- and sports-event contracts. Kalshi removed to federal court, and Plaintiff moved to remand. The district court granted the motion on March 2.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7** Rev. 09/01/22

1

*Briefly describe the result below and the main issues on appeal.*

On March 2, 2026, the district court granted Plaintiff's motion to remand the action to Nevada state court. First, the court determined that it lacked federal question jurisdiction over the action on the basis that "a federal issue is not necessarily raised" because Plaintiff's claims can be resolved by looking only to state law, and Kalshi's preemption defense "is not sufficient to give rise to federal question jurisdiction." Op. 4-5. Second, it noted that complete preemption is an exception to the well-pleaded complaint rule but found that the CEA does not completely preempt Plaintiff's causes of action. Op. 6-7. The court reasoned that the CEA's savings clause indicates that "Congress did not express a clear intent to 'completely displace'" state law. Op. 8 (quotation omitted). Third, the court determined that the CFTC is not a necessary party to Plaintiff's suit for declaratory and injunctive relief under NRS § 30.30, such that "removal would have been proper under Section 1442(a)(1)," because Plaintiff seeks to enforce against Kalshi, not the CFTC. Op. 9-10.

The main issue on appeal is whether the district court erred in remanding the case based on its determinations that (1) it lacked federal question jurisdiction, (2) the CEA does not completely preempt Plaintiff's causes of action, and (3) the CFTC is not a required party under Nevada law to render removal under 28 U.S.C. § 1442(a)(1) proper.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

See attached pages 3-7 for remaining and related proceedings.

**Signature** s/Neal Kumar Katyal   **Date** 03/10/2026
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Rev. 09/01/22*

2

## Remaining and Related Proceedings

On March 3, 2026, Kalshi moved in the district court for an administrative stay, D. Ct. Dkt. No. 46, and a stay pending appeal, D. Ct. Dkt. No. 49. The court recalled the remand order, and therefore denied Kalshi's motion for administrative stay as moot, on March 4. D. Ct. Dkt. No. 50. The motion for stay pending appeal has been fully briefed, and the parties await the court's ruling on the motion.

Additionally, Kalshi has brought actions against state regulators in federal district court on the ground that the CEA preempts enforcement of state gaming laws against it. Kalshi has brought actions against Nevada, New Jersey, Maryland, Ohio, New York, Connecticut, Tennessee, and Utah regulators. The Nevada district court granted Kalshi a preliminary injunction on April 9, 2025, *KalshiEX LLC v. Hendrick*, No. 2:25-cv-575, 2025 WL 1073495 (D. Nev. Apr. 9, 2025), which Nevada did not appeal. The court later dissolved the injunction on November 24, 2025. *KalshiEX LLC v. Hendrick*, No. 2:25-cv-575, 2025 WL 3286282 (D. Nev. Nov. 24, 2025). Kalshi appealed and moved for a stay pending appeal in this Court, and the stay motion was referred to the merits panel after it was fully briefed. *KalshiEX LLC v. Assad*, No. 25-7516 (9th Cir.), Dkt. No. 42. The panel has yet to rule on the stay motion, but the appeal is fully briefed, and the Court has set oral argument on the merits for April 16, 2026.

The New Jersey district court granted Kalshi a preliminary injunction on April 28, 2025. *KalshiEX LLC v. Flaherty*, No. 1:25-cv-2152, 2025 WL 1218313 (D.N.J. Apr. 28, 2025). New Jersey appealed to the Third Circuit, where the appeal was briefed, oral argument was held on September 10, and the parties await a ruling. *See KalshiEX LLC v. Flaherty*, No. 25-1922 (3d Cir.).

The Maryland district court denied Kalshi a preliminary injunction on August 1, 2025. *KalshiEX LLC v. Martin*, No. 1:25-cv-1283, 2025 WL 2194908 (D. Md. Aug. 1, 2025). Kalshi appealed that decision to the Fourth Circuit, *KalshiEX LLC v. Martin*, No. 25-1892 (4th Cir.), where the parties have completed briefing, and oral argument is scheduled for May 7, 2026.

The Ohio district court denied Kalshi a preliminary injunction on March 9, *KalshiEX LLC v. Schuler*, No. 2:25-cv-1165 (S.D. Ohio), Dkt. No. 69, which Kalshi appealed the following day, *id.*, Dkt. No. 70.

The New York district court denied the parties' request for oral argument on Kalshi's motion for preliminary injunction, *KalshiEX LLC v. Williams*, No. 1:25-cv-8846 (S.D.N.Y.), Dkt. No. 73, which is now fully briefed. The court has yet to rule on the motion.

On February 11, 2026, the Connecticut district court heard oral argument on Kalshi's preliminary injunction motion; the parties await a ruling. *KalshiEX LLC v. Cafferelli*, No. 3:25-cv-2016 (D. Conn.), Dkt. No. 81.

On February 19, 2026, the Tennessee district court granted Kalshi a preliminary injunction, *KalshiEX LLC v. Orgel*, No. 3:26-cv-34 (M.D. Tenn.), which Tennessee has not yet appealed.

And on March 5, 2026, the Utah district court granted the parties' motion to stay the case deadlines, *KalshiEX LLC v. Cox*, No. 2:26-cv-151 (D. Utah), Dkt. No. 25, to allow them to continue "discussions regarding the issues raised in the Complaint," *id.*, Dkt. No. 17.

Kalshi is additionally a party to other litigations in Massachusetts, Michigan, California, and Wisconsin. The Commonwealth of Massachusetts filed a complaint against Kalshi in Massachusetts state court on September 12, 2025, claiming that Kalshi is violating Massachusetts gaming law by allowing its event contracts in Massachusetts. *Commonwealth of Massachusetts v. KalshiEX LLC*, No. 2584-cv-02525 (Mass. Super. Ct.), Dkt. No. 1. Massachusetts also moved for a preliminary injunction that same day, *id.*, Dkt. Nos. 4, 5, which the court granted on February 6, 2026, *id.*, Dkt. Nos. 56, 57. Kalshi appealed that decision, which is before the Massachusetts Supreme Judicial Court on direct appellate review. *See Commonwealth of Massachusetts v. KalshiEX LLC*, No. 2026-P-0244 (Mass.). Briefing in that appeal is underway.

Similarly, on March 3, 2026, the State of Michigan filed a complaint against Kalshi in Michigan state court, arguing that Kalshi is violating Michigan gaming law

5

by offering its event contracts in Michigan. *Nessel v. KalshiEX LLC*, No. 26-1087-CZ (Mich. Cir. Ct.), Dkt. No. 1. Michigan moved for an *ex parte* temporary restraining order and subsequent preliminary injunction on March 5. *Id.*, Dkt. No. 5. The same day, Kalshi removed the action to federal district court, where proceedings are ongoing. *See Nessel v. KalshiEX LLC*, No. 1:26-cv-731 (W.D. Mich.).

In California and Wisconsin, tribes filed complaints in federal district court against Kalshi under the Indian Gaming Regulatory Act ("IGRA") and certain other federal laws. In California, three tribes filed a complaint on July 22, 2025 against Kalshi, seeking to prevent Kalshi from offering its event contracts on the tribes' reservations. *Blue Lake Rancheria v. Kalshi Inc.*, No. 3:25-cv-6162, Dkt. No. 1. The tribes moved for a preliminary injunction on September 4, *id.*, Dkt. No. 35, and the California district court denied the preliminary injunction motion on November 10, *Blue Lake Rancheria v. Kalshi Inc.*, No. 3:25-cv-6162, 2025 WL 3141202 (N.D. Cal. Nov. 10, 2025). The tribes have appealed to this Court, where briefing is underway. *See Blue Lake Rancheria v. Kalshi, Inc.*, No. 25-7504 (9th Cir.). In Wisconsin, the Ho-Chunk Nation filed a substantially similar complaint against Kalshi on August 20, *Ho-Chunk Nation v. Kalshi Inc.*, No. 3:25-cv-698 (W.D. Wis.), Dkt. No. 1, and Kalshi moved to dismiss on November 21, *id.*, Dkt. No. 28. The

6

Ho-Chunk Nation then moved for a preliminary injunction on December 17. *Id.*, Dkt. No. 37. Both motions are fully briefed, and the parties await a ruling.