No. 26-1304

IN THE

# United States Court of Appeals
# for the Ninth Circuit

STATE OF NEVADA *ex rel.* NEVADA GAMING CONTROL BOARD,

*Plaintiff-Appellee,*

v.

KALSHIEX, LLC,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the District of Nevada
No. 2:26-cv-406 (Du, J.)

## REPLY IN SUPPORT OF KALSHIEX LLC'S EMERGENCY MOTION FOR A STAY PENDING APPEAL OF THE DISTRICT COURT'S MARCH 2, 2026 REMAND ORDER [RELIEF NEEDED AS SOON AS POSSIBLE]

GRANT R. MAINLAND
MATTHEW J. LAROCHE
ANDREW L. PORTER
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

DENNIS L. KENNEDY
PAUL C. WILLIAMS
BAILEY ❖ KENNEDY
8984 Spanish Ridge Ave.
Las Vegas, NV 89148

March 16, 2026

NEAL KUMAR KATYAL
JOSHUA B. STERLING
COLLEEN E. ROH SINZDAK
WILLIAM E. HAVEMANN
SAMANTHA K. ILAGAN
MILBANK LLP
1101 New York Ave., N.W.
Washington, DC 20005
(202) 835-7505
nkatyal@milbank.com

*Counsel for Defendant-Appellant KalshiEX LLC*

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................1

ARGUMENT.................................................................................... 2

I.    THIS COURT HAS APPELLATE JURISDICTION BECAUSE KALSHI REMOVED PURSUANT TO § 1442 ................................................................. 2

II.    KALSHI IS LIKELY TO PREVAIL ON APPEAL.................................... 6

      A.    Federal-Question Jurisdiction Lies Under *Grable* ..................... 6

      B.    Plaintiff's Artful Pleading Cannot Defeat Removal Under § 1442(a)(1)............................................................................. 8

III.    THE EQUITIES STRONGLY FAVOR A STAY ................................... 9

IV.    THE COURT SHOULD IMMEDIATELY GRANT AN ADMINISTRATIVE STAY .....12

CONCLUSION.................................................................................13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Acad. of Country Music v. Cont'l Cas. Co.,*
 991 F.3d 1059 (9th Cir. 2021) .......................................................... 9, 10

*Blumberger v. Tilley,*
 115 F.4th 1113 (9th Cir. 2024) ........................................................... 5, 6

*BP P.L.C. v. Mayor & City Council of Baltimore,*
 593 U.S. 230 (2021) .............................................................................. 2, 5

*California ex rel. Harrison v. Express Scripts, Inc.,*
 139 F.4th 763 (9th Cir. 2025) ........................................................... 9, 10

*Colorado v. Murphy,*
 No. 23-1099, 2024 WL 340793
 (10th Cir. Jan. 30, 2024) ........................................................................... 5

*Cunningham v. Cornell Univ.,*
 604 U.S. 693 (2025) .................................................................................... 8

*Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.,*
 644 F.2d 1310 (9th Cir. 1981) .................................................................. 4

*Friedenberg v. Lane County,*
 68 F.4th 1113 (9th Cir. 2023) ................................................ 1, 2, 3, 4, 5, 6

*Georgia Gambling Recovery LLC v. Kalshi Inc.,*
 No. 4:25-cv-310, 2026 WL 279375
 (M.D. Ga. Feb. 3, 2026) .............................................................................. 7

*Gunn v. Minton,*
 568 U.S. 251 (2013) .................................................................................... 6

*Haddad v. State,*
 No. 55260, 2011 WL 1225795
 (Nev. Mar. 31, 2011) ................................................................................... 8

# TABLE OF AUTHORITIES—Continued

Page(s)

*Houston v. Moore,*
   18 U.S. (5 Wheat.) 1 (1820) ................................................................. 7, 8

*KalshiEX LLC v. Hendrick,*
   No. 2:25-cv-575, 2025 WL 3286282
   (D. Nev. Nov. 24, 2025) .................................................................... 2, 11

*Leist v. Simplot,*
   638 F.2d 283 (2d Cir. 1980) ...................................................................12

*Morgan v. Huntington Ingalls, Inc.,*
   879 F.3d 602 (5th Cir. 2018) ................................................................. 4

*United States v. California,*
   921 F.3d 865 (9th Cir. 2019) ................................................................. 11

*United States v. Carey,*
   929 F.3d 1092 (9th Cir. 2019) ............................................................... 8

*United States v. Texas,*
   144 S. Ct. 797 (2024) ...........................................................................13

*United States v. Vuitch,*
   402 U.S. 62 (1971) ................................................................................ 8

*Veneruso v. Mt. Vernon Neighborhood Health Ctr.,*
   586 F. App'x 604 (2d Cir. 2014) ............................................................ 5

*Wells v. Bank of Nevada,*
   522 P.2d 1014 (Nev. 1974) ................................................................. 8, 9

**CONSTITUTION:**

U.S. Const. art. VI, cl. 2 ..............................................................................8

**STATUTES:**

28 U.S.C. §1442(a)(1) ................................................................................ 4

iii

# TABLE OF AUTHORITIES—Continued

Page(s)

NRS 463.160(1) ................................................................. 6, 7

NRS 465.086(1)................................................................. 7, 8

**OTHER AUTHORITY:**

Chris Altruda, *Football Keys October Surge in Nevada Sportsbook Revenue*, InGame (Nov. 25, 2025), https://perma.cc/8JFH-FGB4 ...............12

## INTRODUCTION

Plaintiff's opposition barely addresses the jurisdictional chaos that will result if the state court adjudicates this enforcement action while this Court considers Kalshi's appeals here and in *KalshiEX LLC v. Assad*, No. 25-7516. Plaintiff's assertion that the remand can easily be recalled if this Court reverses is pie-in-the-sky: Unwinding the state court's intervening acts in the case will be exceedingly difficult, to say nothing of the confusion that would result if the state court reaches final judgment against Kalshi before this Court rules on preemption in *Assad*. And while Plaintiff suggests (at 17) the state court can unilaterally "mitigate the risk of inconsistent rulings," Plaintiff does not explain how. Permitting this action to proceed in state court creates an unacceptable risk of conflicting state and federal decisions, which would irreparably harm Kalshi. A stay is warranted to prevent that harm.

Plaintiff's other objections to a stay fail. Plaintiff argues (at 8-9) Kalshi failed to incant magic words required to invoke § 1442, but this Court's precedent squarely holds that Kalshi's "citation" to § 1442 "is sufficient" for appellate review. *Friedenberg v. Lane County*, 68 F.4th 1113, 1124 (9th Cir. 2023). In disputing the propriety of removal, Plaintiff rehashes the district court's rulings without meaningfully responding to Kalshi's arguments. Plaintiff finally insists that it is harmed because it cannot proceed against

Kalshi in state court immediately. But there are "serious questions" concerning whether the enforcement action is preempted. *KalshiEX LLC v. Hendrick*, No. 2:25-cv-575, 2025 WL 3286282, at \*3 (D. Nev. Nov. 24, 2025). This Court is considering those questions now. Federal law is supreme, and Plaintiff should not be permitted to race ahead of this Court's resolution of "serious questions" of *federal* law in the name of *state* sovereignty. Kalshi's stay motion should be granted.

## ARGUMENT

### I. THIS COURT HAS JURISDICTION BECAUSE KALSHI REMOVED PURSUANT TO § 1442.

"To remove a case 'pursuant to' § 1442 or § 1443 … just means that a defendant's notice of removal must assert the case is removable 'in accordance with or by reason of' one of those provisions." *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 238 (2021). Accordingly, this Court has squarely held that "a defendant's *citation* to '§ 1442 as one of its grounds for removal' is *sufficient* under Supreme Court authority." *Friedenberg*, 68 F.4th at 1124 (quoting *BP*, 593 U.S. at 238) (emphasis added).

Kalshi invoked § 1442 as a ground for removal, making the remand order appealable. Kalshi stated in its notice of removal that Plaintiff attempted to thwart federal jurisdiction by failing to join the CFTC as a defendant.

D. Ct. Dkt. 1 at 7-8. That rendered the action removable under § 1442, and Kalshi expressly cited § 1442 in the notice. *Id.* at 8.

Plaintiff notes (at 9) that Kalshi stated in the notice that it was removing the action "pursuant to 28 U.S.C. §§ 1331, 1441." But the notice later stated that "federal question jurisdiction is *also* proper due to Plaintiff's artful pleading of its claims" because Plaintiff "failed to name the CFTC as a party," which would have "provided yet *another* basis for removal." *Id.* at 7-8 (emphasis added). Kalshi's first two bases for removal did not cite § 1442, but its third basis for removal plainly did. *See Friedenberg*, 68 F.4th at 1124 (§ 1442 need not be the "linchpin of Defendants' removal strategy"). Plaintiff immediately understood Kalshi's reliance on § 1442 and made counterarguments in its remand motion. *See* D. Ct. Dkt. 10 at 22-23 (responding to Kalshi's § 1442 argument). Kalshi's notice was "sufficient to put Plaintiff[] on notice that § 1442 was an alternative ground for removal." *Friedenberg*, 68 F.4th at 1124.

Plaintiff further argues (at 9) Kalshi's notice "did not assert facts that would support a claim of federal-officer removal under Section 1442." That argument fails for two reasons.

*First*, the notice does assert facts supporting removal. Kalshi stated that Plaintiff was "required by NRS 30.130" to "name the CFTC as a party in this

3

Action." D. Ct. Dkt. 1 at 8. Kalshi then cited § 1442(a)(1), *id.*, which indisputably gives the CFTC, as an "agency" of "[t]he United States," the right to remove any action "directed to" it, 28 U.S.C. § 1442(a)(1). Kalshi further explained that under the artful-pleading doctrine, Plaintiff's strategic failure to join the CFTC as a party does not prevent the action from being removed under § 1442. D. Ct. Dkt. 1 at 8. That put Plaintiff on notice of Kalshi's basis for invoking § 1442.

Plaintiff argues (at 9) Kalshi must allege that *Kalshi* "is a federal officer or a person who 'acted under color of federal office'" (quoting *Friedenberg*, 68 F.4th at 1123-24). Otherwise, Plaintiff argues, Kalshi cannot remove under § 1442; only the CFTC can. But that ignores Kalshi's artful-pleading argument. None of Plaintiff's cases involved a party's artful pleading to avoid federal-officer removal, as this one does. *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 605 (5th Cir. 2018) (appellant's co-defendant—not the appellant itself—had removed the case pursuant to § 1442); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981) (one defendant's § 1442 removal sufficed to remove the "entire case"—including the non-removing defendants—"to the federal court").

*Second*, Plaintiff in substance challenges the merits of Kalshi's invocation of § 1442, but such arguments cannot deprive this Court of jurisdiction

4

to review the remand order.  Indeed, *BP* "supposed that there might be improper § 1442 removals that nevertheless confer appellate jurisdiction to review the other components of the remand order." *Blumberger v. Tilley*, 115 F.4th 1113, 1125 (9th Cir. 2024) (citing *BP*, 593 U.S. at 246); *see Colorado v. Murphy*, No. 23-1099, 2024 WL 340793, at *3 (10th Cir. Jan. 30, 2024) ("even the frivolous assertion of § 1442 or § 1443 as a ground for removal is sufficient to fall within § 1447(d)'s 'except' clause").  As explained above, Kalshi's invocation of § 1442 is meritorious, not frivolous.  But for jurisdictional purposes, the only question is whether Kalshi's notice of removal "assert[ed] the case is removable 'in accordance with or by reason of'" § 1442. *BP*, 593 U.S. at 238.  It did.

Plaintiff insists (at 9) that "mere citation to § 1442" does not suffice.  But it supports that proposition with an unpublished, out-of-circuit case that pre-dates *BP*. *See Veneruso v. Mt. Vernon Neighborhood Health Ctr.*, 586 F. App'x 604, 606 (2d Cir. 2014).  Plaintiff also relies on *Friedenberg*, but that case clearly states "a defendant's *citation* to '§ 1442 as one of its grounds for removal' is *sufficient* under Supreme Court authority."  68 F.4th at 1124 (emphasis added). *Friedenberg* also assessed the defendant's allegations in support of removal under § 1442. *Id.* at 1123-24.  But that was relevant to the defendant's "right to remove"—*i.e.*, whether removal under § 1442 was

proper. *Id.* at 1123 (citation omitted). Under *Blumberger*, which Plaintiff ignores, a § 1442 removal need not be meritorious for this Court to have appellate jurisdiction. 115 F.4th at 1125.

## II. KALSHI IS LIKELY TO PREVAIL ON APPEAL.

### A. Federal-Question Jurisdiction Lies Under *Grable*.

State-law claims give rise to federal-question jurisdiction where a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Plaintiff solely disputes whether its claims under NRS 463.160 and 465.086(1) necessarily raise federal issues. They do.

*First*, NRS 463.160 prohibits operating a sports pool without procuring "all federal, state, county and municipal gaming licenses or registrations as *required* by statute, regulation or ordinance or by the governing board of any unincorporated town." NRS 463.160(1) (emphasis added). Prevailing under that statute requires showing not just that Kalshi lacks a state gaming license, but that such a license is *required*. Resort to federal law is necessary to determine whether a state license is "required" for Kalshi to offer its event contracts. Indeed, Plaintiff appears not to dispute that determining what

6

licenses are "required" requires consideration of federal law, nor could it given the statute's contemplation that "federal" licenses might be "required." *Id.*

Indeed, contrary to Plaintiff's assertion (at 13), NRS 463.160 incorporates federal law in the same way as the statute at issue in *Georgia Gambling Recovery LLC v. Kalshi Inc.*, No. 4:25-cv-310, 2026 WL 279375 (M.D. Ga. Feb. 3, 2026). There, the plaintiff had to prove Kalshi's contracts were "*unlawful* under the law governing [their] validity." *Id.* at *3 (emphasis added). Determining whether Kalshi's contracts were "unlawful" required "resolution of a substantial question of federal law." *Id.* In this case, determining whether a state license is "required" requires resort to federal law in the same manner as determining whether Kalshi's contracts are "unlawful."

*Second*, NRS 465.086(1) only applies "[e]xcept as otherwise provided by law." NRS 465.086(1). Prevailing under the statute therefore requires determining whether the CEA is a "law" that "provide[s]" "otherwise." *Id.* Plaintiff insists (at 12) that "law" means *only* Nevada law, and not federal law. But its sole authority for that proposition is the concurring opinion of a single justice—which Plaintiff falsely presents as controlling—in a case that is more than 200 years old and that involved construction of a federal statute, not a state statute. *See Houston v. Moore*, 18 U.S. (5 Wheat.) 1, 42 (1820)

7

(Johnson, J., concurring). Plaintiff also ignores the Supremacy Clause, which makes federal law "the supreme Law of the Land" binding on "the Judges in every State." U.S. Const. art. VI, cl. 2.

Nor does NRS 465.086(1) merely create an affirmative defense. Plaintiff's principal case applies to "exemptions set forth *in a different part of the statute*." *Cunningham v. Cornell Univ.*, 604 U.S. 693, 701 (2025) (emphasis added). An exemption in the *same* part of a statute is generally an element the plaintiff must plead and prove, not an affirmative defense. *See United States v. Vuitch*, 402 U.S. 62, 70 (1971) ("[W]hen an exception is incorporated in the enacting clause of a statute, the burden is on the prosecution to plead and prove that the defendant is not within the exception."). Plaintiff's other cases apply where a statute "first describes the prohibited behavior … and *then* offers the exception subsequently." *United States v. Carey*, 929 F.3d 1092, 1099 (9th Cir. 2019); *see Haddad v. State*, No. 55260, 2011 WL 1225795, at *2 (Nev. Mar. 31, 2011) (similar). They do not support Plaintiff's reading of NRS 465.086(1), which *begins* with "[e]xcept as otherwise provided by law" and *then* explains what is prohibited. NRS 465.086(1).

## B. Plaintiff's Artful Pleading Cannot Defeat Removal Under § 1442(a)(1).

Plaintiff contends NRS 30.130 did not require it to join the CFTC as a defendant. Its sole basis for that argument is *Wells v. Bank of Nevada*, 522

P.2d 1014 (Nev. 1974), but even under Plaintiff's reading of *Wells* (at 14), a "legal interest" on the CFTC's part suffices to require its joinder. Plaintiff effectively seeks a declaration that the CFTC's jurisdiction over Kalshi is *not* exclusive. That declaration would "adjudicate[ ]" the CFTC's "rights," which Plaintiff concedes (at 14) suffices to render the CFTC a necessary party under NRS 30.130.

## III. THE EQUITIES STRONGLY FAVOR A STAY.

*Irreparable harm.* As Kalshi explained in the Motion, permitting the state court action to proceed pending this appeal would undermine Kalshi's appellate rights both here and in *Assad*, resulting in jurisdictional chaos that would cause Kalshi irreparable harm. Plaintiff responds (at 15) with misdirection, citing *California ex rel. Harrison v. Express Scripts, Inc.*, 139 F.4th 763 (9th Cir. 2025), for the proposition that the grant of a stay pending appeal should not be automatic. But Kalshi has not requested an automatic stay. Unlike the defendant in *Express Scripts*, Kalshi relies here on *Nken* and specifically argues it will suffer irreparable harm absent a stay. *See Express Scripts*, 139 F.4th at 767 (addressing argument that "an automatic stay of all proceedings is warranted" pending appeal of remand order). Plaintiff appears to suggest a party is *never* entitled to a stay of a remand order, even

9

under *Nken*, but *Express Scripts* recognized the opposite: "[S]tays pending appeal are discretionary." *See id.* at 769.

Kalshi's harms are not rooted in "fundamental differences" between state and federal courts, *id.* at 770, but in the specific facts of this case. If the state court action proceeds, it would not only impede Kalshi's right to an appeal to this Court in *this* case, but also in *Assad*. In that case, this Court is considering whether the CEA preempts the very state gambling laws Plaintiff seeks to enforce in this action. Yet Plaintiff has brought this action to try to short-circuit this Court's resolution of that fundamental question, apparently hoping to get an injunction from the state court before this Court has time to decide *Assad*. If Plaintiff's ploy succeeds, it will create a jurisdictional morass, as this Court could decide the CFTC's jurisdiction is exclusive, while the state courts simultaneously proceed against Kalshi on the assumption it is not. Under these circumstances, permitting the state court action to go forward is irreparably harmful to Kalshi.

Plaintiff dismisses these extraordinary harms without meaningful argument. It asserts (at 16) that if remand turns out to have been appropriate all along, "the district court can recall its remand order post-appeal." But the case it cites says only that recalling the remand order is possible, not that state court proceedings while the appeal is pending are not harmful. *See*

*generally Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059 (9th Cir. 2021) (not addressing irreparable harm). Before the remand is recalled, the state court might take actions (at 16) "which once done cannot be undone," thereby causing Kalshi irreparable harm. Plaintiff likewise asserts (at 17) the state court can "mitigate the risk of inconsistent rulings" itself, without attempting to explain how it might do so. Indeed, Kalshi's stay motion raises the concern that Plaintiff may race to judgment in state court and then argue that Kalshi is issue-precluded from litigating CEA preemption in *Assad*. Plaintiff says nothing to dispel this concern. Nor does Plaintiff provide any reassurance that it would consider itself bound by this Court's ruling in *Assad*. A stay is necessary to ensure Plaintiff cannot simply ignore *Assad* if that case does not go Plaintiff's way.

*Balance of equities and public interest.* Plaintiff contends (at 17-18) that a stay would intrude upon its "sovereignty" and "the democratic will of the people." But there are "serious questions" as to whether Plaintiff's enforcement effort is preempted, *Hendrick*, 2025 WL 3286282, at *3, and "preventing a violation of the Supremacy Clause serves the public interest," *United States v. California*, 921 F.3d 865, 893 (9th Cir. 2019). Given the serious preemption questions currently before this Court, Plaintiff should not be permitted to forge ahead at full speed in the name of Nevada's sovereignty.

11

Plaintiff also invokes (at 18) purported harms to Nevada's economy and gaming industry. But Plaintiff has conceded that it could recover Kalshi's "profits" if it ultimately prevails in *Assad*. *Assad*, Dkt. 23.1 at 23 (citation omitted). And Nevada sportsbook revenue has "*surge[d]*" since Kalshi began offering sports contracts.[1] Plaintiff's harms are thus illusory and outweighed by Kalshi's. Indeed, Plaintiff does not appear to contest that duplicative litigation would impose a burden upon the courts absent a stay, which further underscores that the public interest favors a stay.

## IV. THE COURT SHOULD IMMEDIATELY GRANT AN ADMINISTRATIVE STAY.

Plaintiff opposes Kalshi's request for an administrative stay on the sole ground (at 19) that a stay would not preserve what it views as the status quo: "the Board enforcing Nevada gaming law." But it has been settled for decades that the CEA "preempts the application of state law" with respect to trading on DCMs like Kalshi. *Leist v. Simplot*, 638 F.2d 283, 322 (2d Cir. 1980). The *Hendrick* court initially granted Kalshi a preliminary injunction on the ground that Plaintiff was preempted from regulating trading on Kalshi,

---

[1] Chris Altruda, *Football Keys October Surge in Nevada Sportsbook Revenue*, InGame (Nov. 25, 2025), https://perma.cc/8JFH-FGB4 (emphasis added).

and Plaintiff declined to appeal. Plaintiff's enforcement action, far from maintaining the status quo, seeks to upend it.

Indeed, because the "status quo" in any given case is not always "self-evident," courts should seek "to minimize harm" in determining whether to grant an administrative stay. *United States v. Texas*, 144 S. Ct. 797, 798-799 & n.2 (2024) (Barrett, J., concurring) (mem.). Under that principle, an administrative stay is plainly warranted. Kalshi faces severe irreparable harms from the jurisdictional chaos of competing federal- and state-court rulings. Mot. 18-20; *infra* § III. On the other hand, Plaintiff faces only a short-term delay in its ability to seek an *ex parte* TRO against Kalshi. That Plaintiff did not appeal the initial preliminary injunction when the District of Nevada first issued it nearly *a year ago* shows that such a short-term delay is not harmful. Mot. 21-22.

## CONCLUSION

The Court should stay the remand order pending appeal. It should also grant an immediate administrative stay pending its resolution of the stay motion.

13

Date: March 16, 2026

Respectfully submitted,

/s/ *Neal Kumar Katyal*

GRANT R. MAINLAND
MATTHEW J. LAROCHE
ANDREW L. PORTER
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

DENNIS L. KENNEDY
PAUL C. WILLIAMS
BAILEY ❖ KENNEDY
8984 Spanish Ridge Ave.
Las Vegas, NV 89148

NEAL KUMAR KATYAL
JOSHUA B. STERLING
COLLEEN E. ROH SINZDAK
WILLIAM E. HAVEMANN
SAMANTHA K. ILAGAN
MILBANK LLP
1101 New York Ave., N.W.
Washington, DC 20005
(202) 835-7505
nkatyal@milbank.com

*Counsel for Defendant-Appellant
KalshiEX LLC*

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitation of Ninth Circuit Rules 27-1 and 32-3 because it contains 2,796 words, excluding the parts of the reply exempted by Federal Rule of Appellate Procedure 27(a)(2)(B) and 32(f).

This reply also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Georgia font 14-point type face.

Date: March 16, 2026          */s/ Neal Kumar Katyal*
                                        Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I hereby certify that, on March 16, 2026, I caused the foregoing to be electronically filed with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the ACMS system.


Date: March 16, 2026                    /s/ *Neal Kumar Katyal*
                                        Neal Kumar Katyal