No. 26-1304

IN THE

# United States Court of Appeals
# for the Ninth Circuit

STATE OF NEVADA *ex rel.* NEVADA GAMING CONTROL BOARD,

*Plaintiff-Appellee,*

v.

KALSHIEX, LLC,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the District of Nevada
No. 2:26-cv-406 (Du, J.)

## KALSHIEX LLC'S RESPONSE TO PLAINTIFF-APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION

GRANT R. MAINLAND
MATTHEW J. LAROCHE
ANDREW L. PORTER
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

DENNIS L. KENNEDY
PAUL C. WILLIAMS
BAILEY ❖ KENNEDY
8984 Spanish Ridge Ave.
Las Vegas, NV 89148

March 23, 2026

NEAL KUMAR KATYAL
JOSHUA B. STERLING
COLLEEN E. ROH SINZDAK
WILLIAM E. HAVEMANN
SAMANTHA K. ILAGAN
MILBANK LLP
1101 New York Ave., N.W.
Washington, DC 20005
(202) 835-7505
nkatyal@milbank.com

*Counsel for Defendant-Appellant KalshiEX LLC*

# TABLE OF CONTENTS

INTRODUCTION .................................................................................1

BACKGROUND ................................................................................ 2

ARGUMENT.................................................................................... 8

I.  THIS COURT HAS JURISDICTION BECAUSE KALSHI CITED § 1442 AS A GROUND FOR REMOVAL................................................................ 9

II.  PLAINTIFF'S COUNTERARGUMENTS ARE UNAVAILING ............................. 11

CONCLUSION.................................................................................14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Agyin v. Razmzan,*
986 F.3d 168 (2d Cir. 2021).........................................................9, 10, 13

*Am. Agric. Movement, Inc. v. Bd. of Trade of Chi.,*
977 F.2d 1147 (7th Cir. 1992) ...................................................................4

*Barrow Dev. Co. v. Fulton Ins. Co.,*
418 F.2d 316 (9th Cir. 1969) ....................................................................8

*Blumberger v. Tilley,*
115 F.4th 1113 (9th Cir. 2024).......................................................1, 12, 14

*BP P.L.C. v. Mayor & City Council of Baltimore,*
593 U.S. 230 (2021)................................. 1, 8, 9, 10, 11, 12, 13

*Colorado v. Murphy,*
No. 23-1099, 2024 WL 340793 (10th Cir. Jan. 30, 2024) ............... 12, 13

*Durham v. Lockheed Martin Corp.,*
445 F.3d 1247 (9th Cir. 2006) ................................................................ 9

*Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.,*
644 F.2d 1310 (9th Cir. 1981) ................................................................12

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.,*
463 U.S. 1 (1983) ..................................................................................... 7

*Friedenberg v. Lane County,*
68 F.4th 1113 (9th Cir. 2023)....................................1, 8, 9, 10, 12, 13, 14

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,*
545 U.S. 308 (2005) ............................................................................ 6, 7

*Jurist v. Long Island Power Auth.,*
No. 19-cv-3762, 2020 WL 1149750
(E.D.N.Y. Mar. 10, 2020)................................................................. 9, 10

ii

# TABLE OF AUTHORITIES—Continued

Page(s)

*KalshiEX LLC v. CFTC*,
No. 23-cv-3257, 2024 WL 4164694
(D.D.C. Sep. 12, 2024) ................................................................ 3

*KalshiEX LLC v. CFTC*,
No. 24-5205, 2025 WL 1349979
(D.C. Cir. May 7, 2025) .............................................................. 3

*KalshiEX LLC v. Hendrick*,
No. 2:25-cv-575, 2025 WL 1073495
(D. Nev. Apr. 9, 2025) ............................................................ 4, 5

*KalshiEX LLC v. Hendrick*,
No. 2:25-cv-575, 2025 WL 3286282
(D. Nev. Nov. 24, 2025) .............................................................. 5

*Leist v. Simplot*,
638 F.2d 283 (2d Cir. 1980) ....................................................... 4

*Morgan v. Huntington Ingalls*,
Inc., 879 F.3d 602 (5th Cir. 2018) ............................................. 12

*N. Am. Derivatives Exch., Inc. v. Nevada ex rel. NGCB*,
No. 2:25-cv-978, 2025 WL 2916151
(D. Nev. Oct. 14, 2025) .............................................................. 5

*Veneruso v. Mount Vernon Neighborhood Health Ctr.*,
586 F. App'x 604 (2d Cir. 2014) ............................................... 13

**STATUTES:**

28 U.S.C. § 1442(a)(1) ......................................................... 1, 7, 11

28 U.S.C. § 1446 ..................................................................... 8

28 U.S.C. § 1447(d)................................................................ 8, 9

7 U.S.C. § 2(a)(1)(A) ................................................................ 4

iii

# TABLE OF AUTHORITIES—Continued

Page(s)

7 U.S.C. § 7(a) ........................................................................... 3

7 U.S.C. § 7(d) .......................................................................... 3

**REGULATIONS:**

17 C.F.R. pt. 38 ......................................................................... 3

**LEGISLATIVE MATERIAL:**

H.R. Rep. No. 93-1383 (1974) ................................................... 4

**OTHER AUTHORITIES:**

Kelly Cloonan, *Betting markets nailed Trump's decisive win —
    and it's a good reminder they can be more accurate than polls*,
    Bus. Insider (Nov. 9, 2024), https://perma.cc/5W7W-S76X ................. 3

James Faris, *Prediction giant Kalshi strikes a new media
    partnership with CNBC, days after its CNN deal*, Bus. Insider
    (Dec. 4, 2025), https://perma.cc/58QK-DERY ...................................... 3

## **INTRODUCTION**

Kalshi's notice of removal contains a "citation to '§ 1442 as one of its grounds for removal.'" *Friedenberg v. Lane County*, 68 F.4th 1113, 1124 (9th Cir. 2023) (quoting *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 238 (2021)); *see* D. Ct. Dkt. No. 1 at 8 (citing 28 U.S.C. § 1442(a)(1)). This Court has held such a "citation" is "sufficient" for the Court to exercise appellate jurisdiction over a remand order. *Friedenberg*, 68 F.4th at 1124. Plaintiff's motion to dismiss accordingly lacks any basis and should be denied.

Plaintiff counters that Kalshi failed to incant magic words Plaintiff believes are required to invoke § 1442. But it cannot dispute that Kalshi *cited*— and, more than that, asserted that removal should be authorized under— § 1442. Though Plaintiff contends Kalshi did not *properly* remove under § 1442, such arguments (besides being mistaken) have no bearing on this Court's jurisdiction to review the remand order. The "only way to make sense of" the Supreme Court's decision in *BP* "is to acknowledge that there might be some instances when the § 1442 basis for removal is infirm but the court of appeals nevertheless retains jurisdiction to review the whole remand order." *Blumberger v. Tilley*, 115 F.4th 1113, 1125 (9th Cir. 2024). This Court

1

therefore need not even address Plaintiff's challenges to the propriety of removal under § 1442 to deny Plaintiff's motion.

In any event, Plaintiff's challenges to the merits of Kalshi's § 1442 invocation lack merit. As explained in the notice, the Commodity Futures Trading Commission ("CFTC") is a required party to this action under Nevada law, because the action will effectively adjudicate the scope of its exclusive jurisdiction to regulate Kalshi. Section 1442 makes an action directed to the CFTC removable, and Plaintiff cannot thwart removal through its artful omission of the CFTC as a party to this case. Plaintiff's counterarguments are non-responsive to Kalshi's artful-pleading theory and thus fail.

The motion to dismiss should be denied.

## BACKGROUND

1. Kalshi operates a nationwide derivatives exchange on which users can trade derivatives called "event contracts." These contracts allow traders to place a financial position on the likelihood of a future event, in the form of "yes" or "no" contracts on the question of whether the event will occur. If the event occurs, then the holder of the "yes" contract receives a payment; if it does not occur, the holder of the "no" contract receives a payment. Traders may hold their contracts until settlement—*i.e.*, when the event either does or does not occur—or they may sell them before settlement. An event contract's

2

price is determined by market forces, which means its price fluctuates from the time of its creation to its expiration according to changing perceptions about the likelihood the event will occur. Because prices are driven by market forces, these contracts have significant predictive value. News outlets such as CNN and CNBC have partnered with Kalshi to benefit from its market intelligence.[1] Traders on Kalshi reportedly predicted the winner of the 2024 presidential election more accurately than the political polls did.[2]

As a prerequisite to operating its derivatives exchange, Kalshi has been "designat[ed]" by the CFTC as a "contract market," or DCM. 7 U.S.C. § 7(a). To obtain CFTC designation, exchanges must prove they can comply with 23 "Core Principles" identified in the CEA and CFTC regulations. *See id.* § 7(d); 17 C.F.R. pt. 38. Kalshi successfully applied for designation as a contract market from the CFTC and has been a DCM since 2020. *See KalshiEX LLC v. CFTC*, No. 23-cv-3257, 2024 WL 4164694, at *4 (D.D.C. Sep. 12, 2024), *appeal dismissed*, No. 24-5205, 2025 WL 1349979 (D.C. Cir. May 7, 2025).

---

[1] James Faris, *Prediction giant Kalshi strikes a new media partnership with CNBC, days after its CNN deal*, Bus. Insider (Dec. 4, 2025), https://perma.cc/58QK-DERY.

[2] Kelly Cloonan, *Betting markets nailed Trump's decisive win — and it's a good reminder they can be more accurate than polls*, Bus. Insider (Nov. 9, 2024), https://perma.cc/5W7W-S76X.

Since then, Kalshi has been fully regulated under federal law alongside entities like the Chicago Mercantile Exchange and the Intercontinental Exchange.

The Commodity Exchange Act ("CEA") grants the CFTC "exclusive jurisdiction" over transactions on DCMs like Kalshi. 7 U.S.C. § 2(a)(1)(A). Congress gave the CFTC exclusive jurisdiction over DCMs to "preempt the field" of regulating trading on DCMs. H.R. Rep. No. 93-1383, at 35 (1974). It feared that if states were permitted to regulate DCMs, the result would be "total chaos." *Am. Agric. Movement, Inc. v. Bd. of Trade of Chi.*, 977 F.2d 1147, 1156 (7th Cir. 1992) (citation omitted). Courts have thus long held that the CEA "preempts the application of state law" with respect to trading on DCMs. *Leist v. Simplot*, 638 F.2d 283, 322 (2d Cir. 1980) (Friendly, J.).

2. Plaintiff nevertheless asserts the right to regulate transactions on Kalshi under its gaming laws. On March 4, 2025, Plaintiff sent Kalshi a cease-and-desist letter demanding that Kalshi cease offering event contracts in Nevada. *KalshiEX LLC v. Hendrick*, No. 2:25-cv-575, 2025 WL 1073495, at *1 (D. Nev. Apr. 9, 2025). Plaintiff alleged that Kalshi is operating an unlicensed "sports pool," citing its offering of contracts based on sports events. *Id.* Plaintiff also alleged that Kalshi's contracts based on political events such as elections violate Nevada law. *Id.* The cease-and-desist letter threatened

4

Kalshi with civil and criminal penalties for continuing to offer sports- and political-event contracts in Nevada. *Id.*

In response to the cease-and-desist letter, Kalshi filed suit in the U.S. District Court for the District of Nevada, seeking a preliminary injunction preventing Plaintiff from enforcing its gaming laws against Kalshi's event contracts on the ground that the laws are preempted as applied to Kalshi. *Id.* at *2. The district court granted a preliminary injunction in Kalshi's favor on April 9, 2025. *Id.* at *8. Plaintiff never appealed the preliminary injunction. But several months later, after the District of Nevada denied a preliminary injunction to a different DCM seeking similar relief, *N. Am. Derivatives Exch., Inc. v. Nevada ex rel. NGCB*, No. 2:25-cv-978, 2025 WL 2916151, at *14 (D. Nev. Oct. 14, 2025), Plaintiff moved to dissolve the preliminary injunction, *KalshiEX LLC v. Hendrick*, No. 2:25-cv-575, 2025 WL 3286282, at *2 (D. Nev. Nov. 24, 2025). The district court granted the dissolution motion. *Id.* at *14. Kalshi appealed the dissolution order to this Court, and the appeal is currently fully briefed and scheduled for oral argument on April 16. *KalshiEX LLC v. Assad*, No. 25-7516 (9th Cir.).

After the district court dissolved the preliminary injunction, Kalshi moved in the district court for a stay of the dissolution order pending appeal. Mot. for Stay Pending Appeal, *Hendrick*, No. 2:25-cv-575 (D. Nev. Nov. 25,

2025), Dkt. No. 238. The district court denied a stay. Order, *Hendrick*, No. 2:25-cv-575 (D. Nev. Dec. 16, 2025), Dkt. No. 258. Kalshi then moved this Court for a stay of the dissolution order. Mot. for Stay Pending Appeal, *Assad*, No. 25-7516 (9th Cir. Dec. 17, 2025), Dkt. No. 17. To obviate the need for Kalshi to seek an administrative stay on an emergency basis, Plaintiff agreed that it would not bring an enforcement action against Kalshi while Kalshi's stay motion remained pending before this Court. *Id.* at 9. After the stay motion was fully briefed, it was referred to the merits panel, where it is still pending. Order, *Assad*, No. 25-7516 (9th Cir. Jan. 27, 2026), Dkt. No. 42.

After the stay motion was referred to the merits panel, Plaintiff informed the Court that it intended to initiate an enforcement action against Kalshi, despite its prior agreement not to do so while the stay motion remained pending. Status Report, *Assad*, No. 25-7516 (9th Cir. Feb. 10, 2026), Dkt. No. 61. Plaintiff then initiated this action against Kalshi in Nevada state court, alleging violations of Nevada gaming laws and seeking injunctive relief preventing Kalshi from offering its contracts in Nevada. D. Ct. Dkt. No. 8-1.

3. Kalshi removed the action to the District of Nevada on February 17. D. Ct. Dkt. No. 1. In its notice of removal, Kalshi made three arguments for why removal is proper. *First*, Kalshi argued that the district court had

federal-question jurisdiction over Plaintiff's claims under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), because they necessarily raise substantial and disputed issues of federal law. D. Ct. Dkt. No. 1 at 5-6. *Second*, Kalshi argued that the CEA completely preempts Plaintiff's state-law claims, rendering federal-question jurisdiction proper. *Id.* at 7. *Third*, Kalshi argued that Plaintiff was required by Nevada law to join the CFTC as a necessary party to the action, which "would have provided yet *another* basis for removal." *Id.* at 8 (emphasis added) (citing 28 U.S.C. § 1442(a)(1)). Kalshi further argued that Plaintiff's "artful pleading" in omitting the CFTC from the action "'may not defeat removal'" on the basis of Section 1442. *Id.* at 8 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 (1983)).

Plaintiff moved to remand the action to state court. D. Ct. Dkt. No. 10. In its motion, Plaintiff responded to Kalshi's § 1442 artful-pleading argument, asserting that the CFTC is not a necessary party under Nevada law. *Id.* at 22-24. On March 2, the district court granted Plaintiff's motion and remanded the case to state court. D. Ct. Dkt. No. 45. Kalshi appealed the following day. D. Ct. Dkt. No. 47.

The same day, Kalshi moved in the district court for a stay of the remand order pending appeal. D. Ct. Dkt. No. 49. The district court recalled the

7

remand order and reassumed jurisdiction over the case to consider Kalshi's stay motion. D. Ct. Dkt. No. 50. When Plaintiff responded to Kalshi's stay motion in the district court, it argued that this Court lacks appellate jurisdiction on the ground that Kalshi "invoked only 28 U.S.C. §§ 1331 and 1441—not 28 U.S.C. § 1442," on the ground that Kalshi had not cited Section 1442 in the first sentence of its notice of removal. D. Ct. Dkt. No. 53 at 11. In its reply, Kalshi explained that it had expressly invoked Section 1442 elsewhere in the notice of removal, which was more than enough under *Friedenberg*, 68 F.4th at 1124—this Court's precedent holding that a mere "citation" is "sufficient" to establish appellate jurisdiction over a remand order. *See* D. Ct. Dkt. No. 58 at 4.[3]

## ARGUMENT

"[A]n order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by

---

[3] To avoid any unnecessary debate over Plaintiff's "first-sentence-only" argument, on March 9, Kalshi also filed an amended notice of removal, adding a reference to § 1442 in the first sentence. D. Ct. Dkt. No. 57. This Court's decision in *Barrow Development Co. v. Fulton Insurance Co.* recognizes a party's right to file such an amended notice. 418 F.2d 316, 317 (9th Cir. 1969) (citing 28 U.S.C. § 1446). Plaintiff moved to strike Kalshi's amended notice, D. Ct. Dkt. No. 60, but the district court denied that motion as moot when it remanded the case and struck the amended notice *sua sponte*, D. Ct. Dkt. No. 63.

appeal or otherwise." 28 U.S.C. § 1447(d). "To remove a case 'pursuant to' § 1442 or § 1443 … just means that a defendant's notice of removal must assert the case is removable 'in accordance with or by reason of' one of those provisions." *BP*, 593 U.S. at 238 (citations omitted). Moreover, the Court "must interpret § 1442 'broadly in favor of removal.'" *Friedenberg*, 68 F.4th at 1123 (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006)). Accordingly, this Court has squarely held that "a defendant's *citation* to '§ 1442 as one of its grounds for removal' is *sufficient* under Supreme Court authority." *Id.* at 1124 (emphasis added) (quoting *BP*, 593 U.S. at 238). Under that standard, this Court clearly has jurisdiction to review the remand order.

## I. THIS COURT HAS JURISDICTION BECAUSE KALSHI CITED § 1442 AS A GROUND FOR REMOVAL.

Kalshi invoked § 1442 as a ground for removal, making the remand order appealable. Kalshi stated in its notice of removal that Plaintiff attempted to thwart federal jurisdiction by failing to join the CFTC as a defendant. D. Ct. Dkt. No. 1 at 7-8. That rendered the action removable under § 1442, and Kalshi expressly cited § 1442 in the notice. *Id.* at 8. That "citation … is sufficient under Supreme Court authority" for this Court to exercise jurisdiction. *Friedenberg*, 68 F.4th at 1124. Indeed, Plaintiff (at 10) cites a case stating that "[f]ailure to explicitly invoke section 1442(a)(1) … does not preclude the

9

Court from finding removal proper under that section." *Agyin v. Razmzan*, 986 F.3d 168, 181 n.14 (2d Cir. 2021) (quoting *Jurist v. Long Island Power Auth.*, No. 19-cv-3762, 2020 WL 1149750, at *7 n.9 (E.D.N.Y. Mar. 10, 2020)). Here, Kalshi *did* explicitly invoke § 1442 and argued removal was proper "by reason of" that provision. *BP*, 593 U.S. at 238 (citation omitted).

Plaintiff notes (at 10) that Kalshi stated in the notice that it was removing the action "pursuant to 28 U.S.C. §§ 1331, 1441." But the notice later stated that "federal question jurisdiction is *also* proper due to Plaintiff's artful pleading of its claims" because Plaintiff "failed to name the CFTC as a party," which would have "provided yet *another* basis for removal." D. Ct. Dkt. No. 1 at 7-8 (emphasis added). Kalshi's first two bases for removal did not cite § 1442, but its third basis for removal plainly did. *See Friedenberg*, 68 F.4th at 1124 (§ 1442 need not be the "linchpin of Defendants' removal strategy"). Plaintiff immediately understood Kalshi's reliance on § 1442 and made counterarguments about that provision in its remand motion. *See* D. Ct. Dkt. No. 10 at 22-24 (responding to Kalshi's § 1442 argument). Kalshi's notice was therefore "sufficient to put Plaintiff[ ] on notice that § 1442 was an alternative ground for removal." *Friedenberg*, 68 F.4th at 1124.

Plaintiff further notes (at 12) that Kalshi filed an amended notice of removal with the district court after the district court recalled the remand to

10

consider Kalshi's motion for a stay pending appeal. To be clear, none of Kalshi's arguments depends on the amended notice. The original notice cited § 1442 and argued that removal was proper "by reason of" that provision, which suffices for this Court to exercise jurisdiction. *BP*, 593 U.S. at 238 (citation omitted); *see* D. Ct. Dkt. No. 1 at 8 (citing § 1442(a)(1)). Kalshi filed the amended notice solely to moot Plaintiff's meritless suggestion that the Court should look solely to the first sentence of the notice in determining what provisions Kalshi "invoked" as a basis for removal. D. Ct. Dkt. No. 53 at 11.

## II. PLAINTIFF'S COUNTERARGUMENTS ARE UNAVAILING.

Plaintiff nonetheless argues (at 11) this Court lacks jurisdiction on the ground that Kalshi's notice "did not assert facts that would support a claim of federal-officer removal under Section 1442." That argument fails for two reasons.

*First*, the notice does assert facts supporting removal. Kalshi stated that Plaintiff was "required by NRS 30.130" to "name the CFTC as a party in this Action." D. Ct. Dkt. No. 1 at 8. Kalshi then cited § 1442(a)(1), *id.*, which indisputably gives the CFTC, as an "agency" of "[t]he United States," the right to remove any action "directed to" it, 28 U.S.C. § 1442(a)(1). Kalshi further explained that under the artful-pleading doctrine, Plaintiff's strategic failure

to join the CFTC as a party does not prevent the action from being removed under § 1442. D. Ct. Dkt. No. 1 at 8. That put Plaintiff on notice of Kalshi's basis for invoking § 1442.

Plaintiff argues (at 11) Kalshi must allege that *Kalshi* is "a federal officer or a person who 'acted under color of federal office'" (quoting *Friedenberg*, 68 F.4th at 1123-24). Otherwise, Plaintiff argues, Kalshi cannot remove under § 1442; only the CFTC can. But that ignores Kalshi's artful-pleading argument. None of Plaintiff's cases involved a party's artful pleading to avoid federal-officer removal, as this one does. *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 605 (5th Cir. 2018) (appellant's co-defendant—not the appellant itself—had removed the case pursuant to § 1442); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981) (one defendant's § 1442 removal sufficed to remove the "entire case"—including the non-removing defendants—"to the federal court").

*Second*, Plaintiff in substance challenges the merits of Kalshi's invocation of § 1442, but such arguments cannot deprive this Court of jurisdiction to review the remand order. Indeed, *BP* "supposed that there might be improper § 1442 removals that nevertheless confer appellate jurisdiction to review the other components of the remand order." *Blumberger*, 115 F.4th at 1125 (citing *BP*, 593 U.S. at 246); *see Colorado v. Murphy*, No. 23-1099,

12

2024 WL 340793, at *3 (10th Cir. Jan. 30, 2024) ("[E]ven the frivolous assertion of § 1442 or § 1443 as a ground for removal is sufficient to fall within § 1447(d)'s 'except' clause."). As explained above, Kalshi's invocation of § 1442 is meritorious, not frivolous. But for jurisdictional purposes, the only question is whether Kalshi's notice of removal "assert[ed] the case is removable 'in accordance with or by reason of'" § 1442. *BP*, 593 U.S. at 238. It did.

Plaintiff insists (at 11) that "mere citation to § 1442" does not suffice. But the only cases it identifies that support that proposition are two Second Circuit cases—both of which predate the Supreme Court's decision in *BP*. *See* Mot. 10-11 (citing *Agyin*, 986 F.3d at 174 and *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 586 F. App'x 604, 606 (2d Cir. 2014)). This Court, following *BP*, has held the exact opposite from what Plaintiff argues: "[A] defendant's *citation* to '§ 1442 as one of its grounds for removal' is *sufficient*." *Friedenberg*, 68 F.4th at 1124 (emphasis added) (quoting *BP*, 593 U.S. at 238).

Plaintiff attempts to spin *Friedenberg* in its favor, but to no avail. *Friedenberg* did not require a defendant to "provid[e] 'sufficient facts' to make out a claim for federal-officer removal." Mot. 10. Where *Friedenberg* made reference to "sufficient facts," it was discussing whether the defendants' allegations "support[ed] removal." 68 F.4th at 1123. But that was relevant

13

to the defendant's "right to remove"—*i.e.*, the merits question of whether removal under § 1442 was proper—not the procedural question of whether the defendant did, in fact, remove under § 1442. *Id.* (citation omitted). And this Court made very clear in *Blumberger*, which Plaintiff ignores, that a § 1442 removal need not be meritorious for this Court to have appellate jurisdiction. 115 F.4th at 1125. Like *Friedenberg*, *Blumberger* recognized that a citation to § 1442 is all that is required for appellate jurisdiction. Because Kalshi's notice of removal easily satisfies that requirement, jurisdiction is proper here.

## CONCLUSION

The Court should deny Plaintiff's motion to dismiss.

Date: March 23, 2026

Respectfully submitted,

/s/ *Neal Kumar Katyal*

GRANT R. MAINLAND
MATTHEW J. LAROCHE
ANDREW L. PORTER
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

DENNIS L. KENNEDY
PAUL C. WILLIAMS
BAILEY ❖ KENNEDY
8984 Spanish Ridge Ave.
Las Vegas, NV 89148

NEAL KUMAR KATYAL
JOSHUA B. STERLING
COLLEEN E. ROH SINZDAK
WILLIAM E. HAVEMANN
SAMANTHA K. ILAGAN
MILBANK LLP
1101 New York Ave., N.W.
Washington, DC 20005
(202) 835-7505
nkatyal@milbank.com

*Counsel for Defendant-Appellant
KalshiEX LLC*

14

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Ninth Circuit Rules 27-1 and 32-3 because it contains 3,123 words, excluding the parts of the response exempted by Federal Rule of Appellate Procedure 27(a)(2)(B) and 32(f).

This response also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Georgia font 14-point type face.

Date: March 23, 2026          /s/ *Neal Kumar Katyal*
                              Neal Kumar Katyal

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 23, 2026, I caused the foregoing to be electronically filed with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the ACMS system.


Date: March 23, 2026        /s/ *Neal Kumar Katyal*
Neal Kumar Katyal