UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STATE OF NEVADA, ex rel. Nevada
Gaming Control Board,

        Plaintiff - Appellee,

  v.

KALSHIEX, LLC,

        Defendant - Appellant.

No. 26-1304

D.C. No.
2:26-cv-00406-MMD-MDC
District of Nevada,
Las Vegas

ORDER

Before: R. NELSON, BADE, and LEE, Circuit Judges.

KalshiEX LLC's (Kalshi) motion for a stay pending appeal (Dkt. No. 6) is

denied. The four discretionary stay factors courts weigh are "(1) whether the stay

applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay; (3) whether

issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418,

434 (2009) (citation omitted). The first two factors are the most critical. *Id.*

Kalshi has not made a "strong showing that [it] is likely to succeed on the

merits" of its argument that this court has federal question jurisdiction. *Id.* Although

Nev. Rev. Stat. § 463.160 makes it unlawful to operate a sports pool without the

required "federal, state, county, and municipal gaming licenses or registrations,"

Nevada only challenges Kalshi's lack of a state license, and thus its complaint does not trigger federal question jurisdiction. We agree with the district court that "law" as used in Nev. Rev. Stat. § 465.086 refers to Nevada state law. Kalshi's argument that the Commodity Exchange Act (CEA) preempts Nevada gaming law is an affirmative defense, which cannot by itself give rise to federal question jurisdiction, "even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also Negrete v. City of Oakland*, 46 F.4th 811, 817 (9th Cir. 2022). Kalshi has not shown it is likely to succeed on the merits of this argument.

Kalshi's alternative argument that Nevada was required to join the Commodity Futures Trading Commission (CFTC) as a necessary party similarly fails. Consistent with *Wells v. Bank of Nevada*, Nev. Rev. Stat. § 30.130 is "directed only to those who enjoy a legal interest." 522 P.2d 104, 1017-18 (Nev. 1974). The CFTC does not have such a legal interest in the action. As a result, Kalshi has not shown it is likely to succeed on the merits.

As for the other factors, litigating in state court does not pose irreparable harm to Kalshi. Having to litigate the enforcement action in state court rather than federal court is not necessarily a harm, let alone irreparable. And the balance of equities and public interest do not favor Kalshi either. Principles of federalism and comity tip the balance of hardships and public interest in favor of allowing Nevada an

opportunity to enforce its laws in state court. For these reasons, Kalshi's motion for a stay pending appeal (Dkt. No. 6) is **DENIED.**

We also deny Nevada's motion to dismiss this appeal for lack of jurisdiction (Dkt. No. 7). If a case is removed pursuant to 28 U.S.C. § 1442, then the whole of the district court's order is reviewable on appeal. *Friedenberg v. Lane County*, 68 F.4th 1113, 1121 (9th Cir. 2023). Kalshi sufficiently invoked § 1442 as a basis for removal even if "that provision was not the linchpin of [its] removal strategy." *Id.* at 1124. Therefore, we have jurisdiction to consider the district court's remand order. Nevada's motion to dismiss (Dkt. No. 7) is **DENIED**.