No. 26-1304

IN THE

# United States Court of Appeals
# for the Ninth Circuit

STATE OF NEVADA *ex rel.* NEVADA GAMING CONTROL BOARD,

*Plaintiff-Appellee,*

v.

KALSHIEX, LLC,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the District of Nevada
No. 2:26-cv-406 (Du, J.)

## KALSHIEX LLC'S MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF

<div style="display:flex">

GRANT R. MAINLAND
MATTHEW J. LAROCHE
ANDREW L. PORTER
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

DENNIS L. KENNEDY
PAUL C. WILLIAMS
BAILEY ❖ KENNEDY
8984 Spanish Ridge Ave.
Las Vegas, NV 89148

June 10, 2026

NEAL KUMAR KATYAL
JOSHUA B. STERLING
COLLEEN E. ROH SINZDAK
WILLIAM E. HAVEMANN
SAMANTHA K. ILAGAN
MILBANK LLP
1101 New York Ave., N.W.
Washington, DC 20005
(202) 835-7505
nkatyal@milbank.com

*Counsel for Defendant-Appellant KalshiEX LLC*

</div>

Purusant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rules 27-1 and 31-2.2(b), Defendant-Appellant KalshiEX LLC ("Kalshi") respectfully moves for an extension of time to file its opening brief in the above-captioned case until 30 days after this Court's forthcoming ruling in *KalshiEX LLC v. Assad*, No. 25-7516 ("*Assad*"). This Court's resolution of *Assad* could bear on the questions at issue in this appeal, and an extension of time to file Kalshi's opening brief will therefore help the parties prepare briefs that will be most useful to the Court. Plaintiff-Appellee Nevada opposes this motion.

1. In April 2025, the U.S. District Court for the District of Nevada granted Kalshi a preliminary injunction that barred Nevada from enforcing its gaming laws against Kalshi, holding that the Commodity Exchange Act likely preempts these laws as applied to the regulation of trading on designated contract markets ("DCMs") like Kalshi. *KalshiEX LLC v. Hendrick*, No. 2:25-cv-575, 2025 WL 1073495, at *6-8 (D. Nev. Apr. 9, 2025). The district court then reversed course in November 2025, granting Nevada's motion to dissolve the preliminary injunction. *KalshiEX LLC v. Hendrick*, 817 F. Supp. 3d 1014, 1037 (D. Nev. Nov. 24, 2025). Kalshi appealed the dissolution of the injunction to this Court, which heard oral argument in Kalshi's appeal and two related cases on April 16, 2026. *Assad*, Dkt. No. 166.

2.      In February 2026, after the district court dissolved the preliminary injunction, and while the *Assad* appeal was pending in this Court, Nevada brought an enforcement action against Kalshi in Nevada state court, alleging violations of Nevada gaming laws and seeking injunctive relief preventing Kalshi from offering its contracts in Nevada.  D. Ct. Dkt. No. 8-1. Kalshi removed that action to the U.S. District Court for the District of Nevada.  D. Ct. Dkt. No. 1.  Among other arguments, Kalshi contended that Nevada law required the state to join the Commodity Futures Trading Commission ("CFTC") as a necessary party to the action, which provided a basis for removal under the federal officer removal statute.  *Id.* at 8; *see* 28 U.S.C. § 1442(a)(1).  Plaintiff moved to remand, D. Ct. Dkt. No. 10, and the district court granted that motion, D. Ct. Dkt. No. 45.

3.      Kalshi appealed that remand order to this Court pursuant to Section 1442 and sought a stay of the remand pending appeal.  D. Ct. Dkt. Nos. 46, 47.  Nevada, in turn, moved to dismiss Kalshi's appeal.  Dkt. No. 7.  This Court heard argument on Kalshi's stay motion and Nevada's motion to dismiss alongside the oral argument in *Assad*.  Dkt. No. 19.  The Court then denied both Kalshi's stay motion and Nevada's motion to dismiss.  Dkt. No. 20.  As a result, the state proceedings at the center of this appeal are underway in Nevada state court.

4.      Kalshi's opening brief was initially due on May 26, 2026.  Nevada's motion to dismiss the appeal tolled that deadline.  *See* Circuit R. 27-11(a)(1).  After this Court denied Nevada's motion to dismiss, the Court set a new deadline for Kalshi's opening brief, which is now due on June 22, 2026.

5.      Kalshi's requested extension would make its opening brief due 30 days after this Court's ruling in *Assad*.  An extension is warranted because the Court's resolution of *Assad* could bear directly on the issues in this appeal.  If Kalshi prevails in *Assad*, Nevada's ongoing enforcement proceedings against Kalshi would be enjoined, which would make it unnecessary for this Court to decide whether those proceedings should proceed in federal court rather than state court.  If, by contrast, Nevada prevails in *Assad*, the Court's opinion may shed light on the extent to which the claims at issue are federal in nature or on the CFTC's stake in the litigation, which could similarly be relevant to the issues in this appeal.

6.      Given that this Court has denied Kalshi's motion for a stay pending appeal, an extension of the briefing schedule would not prejudice Nevada.  The extension would ensure that the parties have the benefit of this Court's views in *Assad* before they brief this appeal, avoid the prospect of supplemental briefing following this Court's decision in *Assad*, and potentially narrow the issues in this appeal.

7. This Court granted a similar request in *KalshiEX LLC v. Johnson*, No. 26-2978 (9th Cir.). There, Kalshi and the State of Arizona jointly moved to stay the briefing schedule pending this Court's rulings in *Assad*, *North American Derivatives Exchange, Inc. v. State of Nevada*, No. 25-7187 ("*Crypto*"); and *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831 ("*Robinhood*"). The parties explained in the joint motion that this Court's resolution of the preemption question in *Assad* and the related cases may bear directly on the issues in the *Johnson* appeal, including a similar preemption question and additional threshold questions. *Johnson*, Dkt. No. 22 at 4-5. The Court granted the motion on June 4, 2026. *Johnson*, Dkt. No. 23.

8. This is Kalshi's second request for an extension of time to file the opening brief. Kalshi previously filed a streamlined request for extension of time to file the opening brief on June 1, 2026, which the Court denied in an order later that day on the ground that a streamlined extension was not authorized because the case has already been assigned to a merits panel. Dkt Nos. 22, 23. Kalshi now files this motion pursuant to the Court's guidance in that order.

9. Counsel for Kalshi has contacted counsel for Nevada, who indicated that Nevada opposes this motion and asked Kalshi to include the

following statement: "The Board's view is that this appeal should not be stayed because the merits of the related case do not bear on whether the enforcement action should be in state or federal court."

10.     For the reasons stated above and set forth in the accompanying Declaration of Neal Kumar Katyal, Kalshi respectfully requests that this Court find that good cause exists for this extension request and grant the motion to extend the due date for Kalshi's opening brief to 30 days after this Court's forthcoming ruling in *Assad*.

Date: June 10, 2026                    Respectfully submitted,

                                       /s/ *Neal Kumar Katyal*

GRANT R. MAINLAND                      NEAL KUMAR KATYAL
MATTHEW J. LAROCHE                     JOSHUA B. STERLING
ANDREW L. PORTER                       COLLEEN E. ROH SINZDAK
DAVIS CAMPBELL                         WILLIAM E. HAVEMANN
MILBANK LLP                            SAMANTHA K. ILAGAN
55 Hudson Yards                        MILBANK LLP
New York, NY 10001                     1101 New York Ave., N.W.
                                       Washington, DC 20005
DENNIS L. KENNEDY                      (202) 835-7505
PAUL C. WILLIAMS                       nkatyal@milbank.com
BAILEY ❖ KENNEDY
8984 Spanish Ridge Ave.                *Counsel for Defendant-Appellant*
Las Vegas, NV 89148                    *KalshiEX LLC*

## DECLARATION OF NEAL KUMAR KATYAL IN SUPPPORT OF MOTION FOR EXTENSION OF TIME

I, Neal Kumar Katyal, declare:

1. I have personal knowledge of the matters set forth below and, if called to testify to them, could do so competently.

2. I am a partner at the law firm of Milbank LLP in Milbank's Washington, DC office. I am responsible for the preparation of Defendant-Appellant KalshiEX LLC's opening brief.

3. Kalshi seeks an extension of time to file its opening brief to 30 days after this Court's ruling in *KalshiEX LLC v. Assad*, No. 25-7516 ("*Assad*").

4. Kalshi's opening brief was initially due on May 26, 2026. Nevada's motion to dismiss the appeal tolled that deadline. After this Court denied Nevada's motion to dismiss, the Court set a new deadline for Kalshi's opening brief, which is now due on June 22, 2026.

5. Kalshi's requested extension would make its opening brief due 30 days after this Court's ruling in *Assad*. An extension is warranted because the Court's resolution of *Assad* could bear directly on the issues in this appeal. If Kalshi prevails in *Assad*, Nevada's ongoing enforcement proceedings against Kalshi would be enjoined, which would make it unnecessary for this Court to decide whether those proceedings should proceed in federal court

6

rather than state court. But if Nevada prevails in *Assad*, the Court's opinion may shed light on the extent to which the claims at issue are federal in nature or on the CFTC's stake in the litigation, which could similarly be relevant to the issues in this appeal.

6. Counsel for Kalshi also have numerous other litigation deadlines that necessitate the request for an extension of time to file the opening brief. These include: an opposition to leave to file an amended complaint due on June 16, 2026 in *Commonwealth of Massachusetts v. KalshiEX LLC*, No. 2584-CV-2525 (Mass. Sup. Ct.); a response brief due on June 17, 2026, in *KalshiEX LLC v. Orgel*, No. 26-5235 (6th Cir.); a reply brief in support of intervention due on June 22, 2026 in *United States v. State of Wisconsin*, No. 2:26-cv-749 (E.D. Wis.); a reply in support of a motion for appealability due on June 22, 2026 in *Ho-Chunk Nation v. Kalshi Inc.*, No. 3:25-cv-698 (W.D. Wis.); a reply in support of rehearing en banc due on June 24, 2026 in *Construction Laborers Pension Trust of Greater St. Louis v. Funko Inc.*, No. 24-4904 (9th Cir.); a response to a complaint due on June 24, 2026 in *Mescalero Apache Tribe v. Kalshi, Inc.*, No. 2:26-cv-1517 (D.N.M.); a reply brief due on June 25, 2026, in *KalshiEX LLC v. Schuler*, No. 26-3196 (6th Cir.); a preliminary-injunction, motion-to-dismiss, and summary-judgment hearing on June 25, 2026 in *KalshiEX LLC v. Cox*, No. 2:24-cv-151 (D. Utah);

a remand hearing on June 25, 2026 in *Nessel v. KalshiEX LLC*, No. 1:26-cv-731 (W.D. Mich.); a preliminary-injunction reply brief due on June 30, 2026 in *KalshiEX LLC v. Furcolo*, No. 1:26-cv-327 (D.R.I.); a preliminary-injunction hearing on July 1, 2026 in *KalshiEX LLC v. Ellison*, No. 0:26-cv-2778 (D. Minn.); a preliminary-injunction hearing on July 22, 2026 in *KalshiEX LLC v. Furcolo*, No. 1:26-cv-327 (D.R.I.); and an opening brief due on July 23, 2026 in *State of Washington v. KalshiEX LLC*, No. 26-3106 (9th Cir.).

7.     Counsel for Kalshi has contacted counsel for Plaintiff-Appellee Nevada, who indicated that Nevada opposes this motion and asked Kalshi to include the following statement: "The Board's view is that this appeal should not be stayed because the merits of the related case do not bear on whether the enforcement action should be in state or federal court."

8.     Counsel for Kalshi have exercised diligence in this matter and will continue to do so, and will file the opening brief within the time requested.

9.     The court reporter is not in default with regard to any designated transcripts.

I declare under penalty of perjury that the foregoing is true and correct. Executed June 10, 2026 in Washington, DC.

Date: June 10, 2026

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal

## CERTIFICATE OF COMPLIANCE

The motion and declaration comply with the type-volume limitation of Ninth Circuit Rules 27-1 and 32-3 because they contain 1,679 words total, excluding the parts of the motion and declaration exempted by Federal Rule of Appellate Procedure 27(a)(2)(B) and 32(f).

The motion and declaration also comply with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type requirements of Federal Rule of Appellate Procedure 32(a)(6) because they have been prepared in a proportionally spaced typeface using Microsoft Word in Georgia font 14-point type face.

Date: June 10, 2026

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I hereby certify that, on June 10, 2026, I caused the foregoing to be electronically filed with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the ACMS system.

Date: June 10, 2026

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal