No. 26-1304

IN THE

# United States Court of Appeals for the Ninth Circuit

STATE OF NEVADA, *ex rel.* NEVADA GAMING CONTROL BOARD,

*Plaintiff-Appellee;*

v.

KALSHIEX LLC,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the District of Nevada
No. 2:26-cv-406 (Du, J.)

**KALSHIEX LLC'S CONSENT MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF**

GRANT R. MAINLAND
MATTHEW J. LAROCHE
ANDREW L. PORTER
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

DENNIS L. KENNEDY
PAUL C. WILLIAMS
BAILEY ❖ KENNEDY
8984 Spanish Ridge Ave.
Las Vegas, NV 89148

September 18, 2026

NEAL KUMAR KATYAL
*Counsel of Record*
JOSHUA B. STERLING
COLLEEN E. ROH SINZDAK
WILLIAM E. HAVEMANN
SAMANTHA K. ILAGAN
MILBANK LLP
1101 New York Ave., NW
Washington, DC 20005
(202) 835-7505
nkatyal@milbank.com

*Counsel for Defendant-Appellant KalshiEX LLC*

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rules 27-1 and 31-2.2(b), Defendant-Appellant KalshiEX LLC ("Kalshi") respectfully moves this Court for an extension of time to file its opening brief in the above-captioned case pending this Court's issuance of the mandate in *KalshiEX LLC v. Assad*, No. 25-7516 (9th Cir. filed Nov. 28, 2025). On September 9, 2026, Kalshi filed a petition for rehearing *en banc* in *Assad*. *Assad*, Dkt. No. 206. Pursuant to Federal Rule of Appellate Procedure 41(b), this Court will not issue its mandate until seven days after it resolves the *Assad* petition. This Court's resolution of the *Assad* petition could bear on the questions at issue in this appeal, and an extension of time to file Kalshi's opening brief will therefore help the parties prepare briefs that will be most useful to the Court. Plaintiff-Appellee Nevada consents to this motion.

Kalshi's opening brief is currently due on September 28, 2026. Dkt. No. 25. Kalshi respectfully requests that the deadline for Kalshi's opening brief be stayed to 30 days following this Court's issuance of the mandate in *Assad*.

Kalshi is a designated contract market ("DCM") that offers event contracts based on many types of underlying events, including political events, weather events, entertainment events, and sports events. In April 2025, the U.S. District Court for the District of Nevada granted Kalshi a

preliminary injunction that barred Nevada from enforcing its gaming laws against Kalshi, holding that the Commodity Exchange Act likely preempts these laws as applied to the regulation of trading on DCMs like Kalshi. *KalshiEX LLC v. Hendrick*, No. 2:25-cv-575, 2025 WL 1073495, at *6-8 (D. Nev. Apr. 9, 2025). The district court then reversed course in November 2025, granting Nevada's motion to dissolve the preliminary injunction. *KalshiEX LLC v. Hendrick*, 817 F. Supp. 3d 1014, 1037 (D. Nev. 2025). Kalshi appealed the dissolution of the injunction to this Court, which heard oral argument in Kalshi's appeal and two related cases on April 16, 2026. *Assad*, Dkt. No. 166.

In February 2026, after the district court dissolved the preliminary injunction, and while the *Assad* appeal was pending in this Court, Nevada brought an enforcement action against Kalshi in Nevada state court, alleging violations of Nevada gaming laws and seeking injunctive relief preventing Kalshi from offering its contracts in Nevada. D. Ct. Dkt. No. 8-1. Kalshi removed that action to the U.S. District Court for the District of Nevada. D. Ct. Dkt. No. 1. Among other arguments, Kalshi contended that Nevada law required the state to join the Commodity Futures Trading Commission ("CFTC") as a necessary party to the action, which provided a basis for removal under the federal officer removal statute. *Id.* at 7-8; *see* 28 U.S.C.

§ 1442(a)(1). Plaintiff moved to remand, D. Ct. Dkt. No. 10, and the district court granted that motion, D. Ct. Dkt. No. 45.

Kalshi appealed that remand order to this Court pursuant to 28 U.S.C. § 1447(d) and sought a stay of the remand pending appeal. D. Ct. Dkt. Nos. 46, 47. Nevada, in turn, moved to dismiss Kalshi's appeal. Dkt. No. 7. This Court heard argument on Kalshi's stay motion and Nevada's motion to dismiss alongside the oral argument in *Assad*. Dkt. No. 19. The Court then denied both Kalshi's stay motion and Nevada's motion to dismiss. Dkt. No. 20. As a result, the state proceedings at the center of this appeal are underway in Nevada state court.

Kalshi's opening brief was initially due on May 26, 2026. Dkt. No. 2. Nevada's motion to dismiss the appeal tolled that deadline. After this Court denied Nevada's motion to dismiss, the Court set a new deadline for Kalshi's opening brief for June 22, 2026. Dkt. No. 21.

On June 10, 2026, Kalshi moved to extend the time to file its brief. Dkt. No. 24. Kalshi requested that this Court extend the due date for its opening brief to 30 days after this Court's ruling in *Assad*. *Id.* at 5. On June 15, 2026, this Court granted that motion. Dkt. No. 25.

The panel issued its ruling in *Assad* on August 28, 2026, making Kalshi's opening brief due on September 28, 2026. On September 9, 2026,

Kalshi filed a petition for panel rehearing and rehearing *en banc* in *Assad*. Pursuant to Federal Rule of Appellate Procedure 41(b), that rehearing petition stayed this Court's mandate. The mandate will not issue until seven days after this Court resolves the *Assad* petition.

Kalshi respectfully requests that this Court stay the briefing schedule in Kalshi's appeal pending this Court's issuance of the mandate in *Assad*. This Court's resolution of the *Assad* petition may bear directly on the issues in this appeal. If the *en banc* court reverses the *Assad* panel, Nevada's ongoing enforcement proceedings against Kalshi would be enjoined, potentially making it unnecessary for this Court to decide whether those proceedings should proceed in federal or state court. If the *en banc* court affirms the panel, the Court's opinion may shed light on whether the claims at issue are federal in nature, the extent of the CFTC's stake in the litigation, or other threshold issues relevant to this appeal of the district court's decision remanding the state enforcement proceeding to Nevada state court.

Staying the briefing in this appeal pending issuance of the mandate in *Assad* will ensure that the parties' briefing is informed by this Court's *en banc* views, maximizing judicial economy and avoiding repetitive briefing. Kalshi therefore respectfully requests that the deadline for its opening brief be stayed until 30 days following this Court's issuance of the mandate in

*Assad*. Counsel for Kalshi has contacted counsel for Nevada, who indicated that Nevada consents to this motion.

For the reasons stated above and set forth in the accompanying Declaration of Neal Kumar Katyal, Kalshi requests that this Court find that good cause exists for this extension request and grant the motion to extend the deadline for Kalshi's opening brief to 30 days after the issuance of the mandate in *Assad*.

## CONCLUSION

For the foregoing reasons, the Court should stay the briefing schedule in this case such that Kalshi's opening brief is due 30 days following the issuance of the mandate in *Assad*.

Date: September 18, 2026

Respectfully submitted,

*/s/ Neal Kumar Katyal*

NEAL KUMAR KATYAL
*Counsel of Record*
JOSHUA B. STERLING
COLLEEN E. ROH SINZDAK
WILLIAM E. HAVEMANN
SAMANTHA K. ILAGAN
MILBANK LLP
1101 New York Ave., NW
Washington, DC 20005
(202) 835-7505
nkatyal@milbank.com

GRANT R. MAINLAND
MATTHEW J. LAROCHE
ANDREW L. PORTER

DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

DENNIS L. KENNEDY
PAUL C. WILLIAMS
BAILEY ❖ KENNEDY
8984 Spanish Ridge Ave.
Las Vegas, NV 89148

*Counsel for Defendant-Appellant KalshiEX LLC*

**DECLARATION OF NEAL KUMAR KATYAL IN SUPPORT OF MOTION FOR EXTENSION OF TIME**

I, Neal Kumar Katyal, declare:

1. I have personal knowledge of the matters set forth below and, if called to testify to them, could do so competently.

2. I am a partner at the law firm of Milbank LLP in Milbank's Washington, DC office. I am responsible for the preparation of Defendant-Appellant KalshiEX LLC's opening brief.

3. Kalshi seeks an extension of time to file its opening brief to 30 days after the mandate is issued in *KalshiEX LLC v. Assad*, No. 25-7516.

4. Kalshi's opening brief was initially due on May 26, 2026. Dkt. No. 2. Nevada's motion to dismiss the appeal tolled that deadline. After this Court denied Nevada's motion to dismiss, the Court set a new deadline for Kalshi's opening brief for June 22, 2026. Dkt. No. 21.

5. Kalshi moved for an extension of time to file its opening brief on June 10, 2026, which the Court granted. Dkt. Nos. 24, 25. Kalshi's opening brief is now due 30 days after this Court's ruling in *Assad*. Dkt. No. 24 at 5. Because this Court ruled in *Assad* on August 28, 2026, Kalshi's opening brief is due on September 28, 2026.

6. On September 9, 2026, Kalshi filed a petition for rehearing *en banc* in *Assad*. *See Assad*, Dkt. No. 206.

7. Kalshi's requested extension would make its opening brief due 30 days after the mandate is issued in *Assad*. An extension is warranted because the Court's resolution of the *Assad* petition could bear directly on the issues in this appeal. If this Court agrees to hear the case *en banc* and reverses the panel, Nevada's ongoing enforcement proceedings against Kalshi would be enjoined, which would make it unnecessary for this Court to decide whether those proceedings should proceed in federal court rather than state court. But if the *en banc* court affirms the panel, the Court's opinion may shed light on the extent to which the claims at issue are federal in nature or on the CFTC's stake in the litigation, which could similarly be relevant to the issues in this appeal.

8. Counsel for Kalshi also have numerous other litigation deadlines that necessitate the request for an extension of time to file the opening brief. These include: an opening brief in *KalshiEX LLC v. Cox*, No. 26-4100 (10th Cir.), due September 21, 2026; an opening brief in *United States v. Wisconsin*, No. 26-2675 (7th Cir.), due September 21, 2026; a response brief in *Bolton v. At World Properties, LLC*, No. 26-1483 (7th Cir.), due September 21, 2026; a response brief in *Licht v. Zhao*, No. 26-1489 (1st Cir.), due September 25, 2026; an amicus brief in *United States v. Wisconsin*, No. 26-2636 (7th Cir.), due September 28, 2026; an opening brief in *KalshiEX LLC*

*v. Cafferelli*, No. 26-2239 (2d Cir.), due September 30, 2026; a response brief in *V.O.S. Selections, Inc. v. Trump*, No. 26-1895 (Fed. Cir.), due October 5, 2026; a brief in opposition in *Flaherty v. KalshiEX LLC*, No. 26-299 (U.S.), due October 8, 2026; and an opening brief in *United States v. Carter-Matthews*, No. 26-1558 (6th Cir.), due October 9, 2026.

9. Counsel for Kalshi has contacted counsel for Plaintiff-Appellee Nevada, who indicated that Nevada consents to this motion.

10. Counsel for Kalshi have exercised diligence in this matter and will continue to do so.

11. The court reporter is not in default with regard to any designated transcripts.

I declare under penalty of perjury that the foregoing is true and correct. Executed September 18, 2026 in Washington, DC.

Date: September 18, 2026

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) and Circuit Rule 32-2(b) because it contains 1,630 words, excluding the items exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).

This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) and the type requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in Microsoft Word in Georgia font 14-point typeface.

Date: September 18, 2026

*/s/ Neal Kumar Katyal*
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using ACMS on September 18, 2026.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by ACMS.

Date: September 18, 2026

*/s/ Neal Kumar Katyal*
Neal Kumar Katyal